

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C. A. NO. H-03-1808 |
| | § | |
| REYNOLDS METALS COMPANY, ET AL., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Whittaker Corporation ("Whittaker"), expressly reserving all rights otherwise to respond to this lawsuit, including any objection to improper venue, removes the action filed under Cause No. 37,761-A in Wharton County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441.

1. On or about April 2, 2003, Reynolds Metals Company ("Reynolds") and Alcoa Inc. ("Alcoa") filed an Original Third-Party Petition of Third-Party Plaintiffs ("Third-Party Petition") under Cause No. 37,761 in the 23rd Judicial District Court of Wharton County, naming Whittaker Corporation ("Whittaker") as a Third-Party Defendant.

2. The Third-Party Petition against Whittaker seeks contribution, indemnity, recovery of costs pursuant to the Texas Solid Waste Disposal Act (TEX. HEALTH & SAFETY CODE § 361.344), and declaratory relief pursuant to the Texas Declaratory Judgment Act.

3. Cause No. 37,761 was originally brought as a class action lawsuit by Richard Bard, *et al.* against Reynolds, Alcoa, and Bon L. Campo ("Campo") a year earlier, on or about April 29, 2002. Numerous additional plaintiffs joined or intervened in that original lawsuit and Tredegar Corporation ("Tredegar") was added as a defendant. Each of the plaintiffs and

30470495.6

intervenors in Cause No. 37,761 named Reynolds and Alcoa as defendants. None of the plaintiffs, intervenors, or defendants, however, named Whittaker as a party to Cause No. 37,761 until Reynolds and Alcoa filed the Third-Party Petition.

4. On or about May 19, 2003, the court in Cause No. 37,761 severed the Third-Party Petition from the main action and thereby created a separate lawsuit designated as Cause No. 37,761-A, in the 23rd Judicial District Court of Wharton County, Texas. The May 19 severance order provides that "any claims by any party against Whittaker Corporation, filed now and hereafter, are severed into Cause No. 37,761-A."

5. Thereafter, on May 21, 2003, certain of the original plaintiffs or intervenors from Cause No. 37,761 ("Intervenor Plaintiffs") filed a pleading entitled "First Amended Petition in Intervention" in this case, the severed cause (No. 37,761-A), asserting claims against (1) Alcoa, (2) Reynolds, (3) Campo, (4) Tredegar, and (5) Whittaker.[1] The First Amended Petition in Intervention asserts claims against these five defendants under TEX. CIV. PRAC. & REM. CODE § 71.001 *et seq.* (the Wrongful Death Act), TEX. CIV. PRAC. & REM. CODE § 71.021 (the Survival Statute), and the common law of Texas.

### I.   Federal Question Jurisdiction

6. This case is removable because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(b) and (c). Specifically, this Court has original jurisdiction over Reynolds' claims pursuant to the Texas Solid Waste Disposal Act because those claims are separate and independent claims which if sued upon alone could have been properly brought in federal court.

---

[1] Most of the Intervenor Plaintiffs filed a "Petition in Intervention" against the same defendants and based on similar allegations in Cause No. 37,824-S at 2:02 p.m. on May 19, 2003, just three hours after the severance order (referred

7. First, Reynolds' claim pursuant to the Texas Solid Waste Disposal Act raises a substantial question of federal law. 28 U.S.C. § 1331. Federal jurisdiction exists not only where federal law creates a cause of action, but also where there is "the presence of a federal issue in a state-created cause of action." *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 810 (1986); *see also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (where it appears from plaintiff's complaint "that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation," the complaint arises under the laws of the United States). Additionally, a claim arises under federal law when "the vindication of a right under state law necessarily turns upon some construction of federal law, or when the plaintiff must establish both the correctness and applicability to his case of a federal law proposition, in order to secure the relief sought." *Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 542 (5th Cir. 1990).

8. Pursuant to the Texas Solid Waste Disposal Act, specifically Section 361.344 of the Texas Health & Safety Code, "[a] person who conducts a removal or remedial action" may sue for cost recovery. TEX. HEALTH & SAFETY CODE § 361.344(a). "Removal" is defined as including the "cleaning up or removing released hazardous waste from the environment." *Id.* § 361.003(30)(a). "Remedial Action" is defined as "an action consistent with a permanent remedy taken instead of or in addition to a removal action in the event of a release or threatened release of a hazardous waste into the environment to prevent or minimize the release of hazardous waste so that the hazardous waste does not migrate to cause an imminent and substantial danger to present or future public health and safety or the environment." *Id.* § 361.003(29). Therefore,

---

to in paragraph 4) was signed. Presumably this pleading explains why the intervention in the severed cause on May 21, 2003, is styled as an "Amended" petition in intervention.

Reynolds must establish that the materials allegedly released into the environment by Whittaker were "hazardous wastes" as a required element of its case under the Texas Solid Waste Disposal Act.

9. The determination of whether the materials are "hazardous wastes" requires resolution of a substantial question of federal law. Specifically, "Hazardous waste" is defined by the Texas Solid Waste Disposal Act as "solid waste identified or listed as a hazardous waste by the administrator of the United States Environmental Protection Agency under the federal Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as amended (42 U.S.C. Section 6901 *et seq.*)." TEX. HEALTH & SAFETY CODE § 361.003(12). The United States Government has a compelling interest in ensuring proper and uniform management of hazardous wastes within the various states. Resource Conservation Act of 1976 ("RCRA"), 42 U.S.C. §§ 690 *et seq*. To accomplish this federal objective, Texas is required to control all of the hazardous wastes subject to federal RCRA regulations to maintain its delegation to manage its hazardous waste program. 40 C.F.R. § 271.9. Consequently, failure of Texas law to specifically cover hazardous wastes governed by federal RCRA would result in a loss of its authority under RCRA. 42 U.S.C. § 6926(b); 40 C.F.R. § 271.9. Thus, the fundamental issue of whether Whittaker released a "hazardous waste" is a substantial question of federal law.

10. In determining whether Reynolds is entitled to the requested relief, federal questions must be answered. Reynolds will be precluded from obtaining the relief it seeks unless Reynolds demonstrates that the materials allegedly released into the environment by Whittaker were "hazardous wastes" under the federal Solid Waste Disposal Act, as amended by RCRA. RCRA was not passed until 1976. Because the alleged releases occurred from February 1968

30470495.6                                    4

until August 1971, there is a question of federal law as to whether the materials would have been considered "hazardous wastes," at the time of the alleged release by Whittaker.

11. Second, Reynolds on the face of the Third-Party Petition seeks equitable relief in the form of a declaration that "Whittaker is liable to it for all costs incurred and to be incurred in the investigation and remediation of contamination by TCE found at the Plant Site and surrounding area and all costs incurred in the defense of claims said to arise from the contamination." Third-Party Petition at ¶ 19. This request for equitable relief in the form of a declaration raises federal questions pursuant to 28 U.S.C. § 1331. Under Texas law, a plaintiff seeking equitable relief has the burden of negating a defendant's affirmative defenses. In *Grynberg Prod. Co. v. British Gas, p.l.c.*, 817 F. Supp. 1338 (E.D. Tex. 1993), the court held that for injunctive relief "Texas has chosen to make negativing certain facts <u>part of the plaintiff's prima facie case for injunction</u>, and therefore, such allegations form part of the 'well-pleaded complaint' for federal question purposes." *Id.* at 1361 (emphasis in original). Thus, Reynolds must prove as part of its *prima facie* case that the declaratory relief sought is in compliance with federal law. A well-pleaded complaint for the equitable relief sought by Reynolds, therefore, necessarily arises under federal law.

12. These federal issues may not be avoided through artful pleading, and under the well-pleaded complaint rule, this Court "looks to the substance of the complaint, not the labels used in it." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981).

13. In light of federal questions, this case is properly removable without regard to the citizenship or residence of the parties pursuant to 28 U.S.C. §§ 1331 and 1441(b) and (c).

## II.   Diversity Jurisdiction

### A.   Jurisdictional Facts

14.   Diversity jurisdiction exists under 28 U.S.C. § 1332 after proper realignment of Intervenor Plaintiffs on one side, and Whittaker, Reynolds, Alcoa, Campo, and Tredegar on the other side. After proper realignment, this action is between citizens of different states. Intervenor Plaintiffs seek, and the amount in controversy is, in excess of $75,000, not including costs and interest. Therefore, this case could have properly been brought in this Court originally. 28 U.S.C. § 1441(a).

15.   The Intervenor Plaintiffs are each citizens of the State of Texas, as alleged in the Petition in Intervention. Whittaker, the removing defendant, is a Delaware corporation with its principal place of business in the State of California. Alcoa is a Pennsylvanian corporation with its principal place of business in the State of Pennsylvania. Reynolds is a Delaware corporation with its principal place of business in the State of Virginia. Bon L. Campo is a Texas Limited Liability Partnership. On information and belief, its general partner is Bon L. Manufacturing Company, a Pennsylvania corporation with its principal place of business in the State of Virginia. Its limited partner is Bon L. Aluminum, LLC, a Virginia limited liability company and its sole shareholder, The William L. Bonnell Company, Inc., is a Georgia corporation with its principal place of business in the State of Virginia. Tredegar Corporation is a Virginia corporation with its principal place of business in the State of Virginia.

### B.   Realignment Is Appropriate Here

16.   A recognized exception to the general rule that diversity of citizenship is determined at the commencement of a lawsuit is the realignment of the parties. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941); *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988). Federal law determines who is a plaintiff for purposes of applying

the removal statute, and this Court may realign the parties in this removed case, just as it can in cases originally instituted in this Court. *See Chicago, R.I. & R.R. Co. v. Stude*, 346 U.S. 594, 579 (1954); *see also Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1339 (N.D. Ga. 2000) (federal court must properly align parties to determine propriety of removal); *Smilgen v. New York Life Ins. Co.*, 854 F. Supp. 464, 465 (S.D. Tex. 1994) (federal law determines who is plaintiff and who is defendant for removal, and the court may realign parties according to their real interests before deciding the propriety of removal); *Scott v. Communications Services, Inc.*, 762 F. Supp. 147, 151 (S.D. Tex. 1991), *aff'd*, 961 F.2d 1571 (5th Cir. 1992) ("If the parties are not diverse at filing [of the notice to remove], but are diverse after realignment by the court, removal is proper").

17. It is the federal court's "duty" to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis*, 314 U.S. at 69. In *City of Indianapolis*, the Supreme Court established the test for determining the appropriate alignment of parties for purposes of determining diversity jurisdiction. *Id.* According to the Court, the "necessary collision of interest" has to be determined "from the principal purpose of the suit" and the "primary and controlling matter in dispute." *Id.*

18. Here, the principal matter in dispute is whether or not Alcoa, Reynolds, Whittaker, Tredegar and/or Campo tortiously injured Intervenor Plaintiffs. To the extent that Alcoa, Reynolds, Whittaker, Tredegar and Campo claim that another is all or partly responsible for that alleged tortious injury, those claims are more properly characterized as cross-claims. Those secondary claims, such as the claims that Alcoa and Reynolds assert against Whittaker in the Third-Party Petition, are derivative of the main claims asserted by the Intervenor Plaintiffs. Therefore, Reynolds, Alcoa, Whittaker, Tredegar and Campo are aligned together as defendants

on the primary and controlling issue of whether the Intervenor Plaintiffs suffered damages as a result of tortious acts. Accordingly, realignment is proper in this instance, and there is complete diversity in the case.

### III. Additional Procedural Matters

19. The Removing Defendant has filed this Notice of Removal within thirty (30) days of the service of the Third-Party Petition; therefore, this removal is timely.

20. The 23rd Judicial District Court of Wharton County, Texas is located in the Southern District of Texas, Houston Division.

21. Copies of the state-court docket sheet, all executed process, all orders signed by the state judge, all pleadings asserting causes of action and answers to such pleadings in the State Action, Cause No. 37,761-A, and certain related pleadings, are being filed with this Notice.

22. There is no requirement that all defendants join in and consent in this removal under 28 U.S.C. § 1441(c). With respect to diversity jurisdiction, consent of other parties is unnecessary because no party other than Whittaker has been served with process in this action.

23. Upon filing this Notice of Removal, the Removing Defendant will provide written notification to the plaintiffs and will file a Notification of Removal attaching a copy of this Notice of Removal with the Clerk of the Court for Wharton County, Texas. A copy of the Notification accompanies this Notice of Removal.

### CONCLUSION

For the foregoing reasons, defendant Whittaker Corporation removes this action from the 23rd Judicial District Court of Wharton County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

			_____
			Osborne J. Dykes, III
			State Bar No. 06325500
			Federal I.D. No. 1796
			1301 McKinney, Suite 5100
			Houston, Texas 77010
			Telephone: 713-651-5151
			Facsimile: 713-651-5246

			Attorney-in-Charge for Whittaker Corporation

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    Richard J. Wilson
    State Bar No. 21713200
    Edward C. Lewis
    State Bar No. 00786058
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Facsimile: 713/651-5246

### CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on May 23, 2003.

			_____
			Richard J. Wilson

30470495.6     9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNOLDS METALS COMPANY AND ALCOA INC., | § § § | |
| Plaintiffs, | § § | |
| V. | § | C. A. NO. _____ |
| | § | |
| WHITTAKER CORPORATION, | § § | |
| Defendant. | § § | |

## INDEX OF MATTERS BEING FILED

As required under LR 81, the following is a list of the documents being filed with the Notice of Removal in this action.

1. The state-court docket sheet;

2. May 19, 2003 Order on Plaintiffs' Motion to Strike Third-Party Petition, which constitutes all orders signed by the state judge;

3. Original Third-Party Petition of Third-Party Plaintiffs Reynolds Metals Company and Alcoa Inc.;

4. Petition in Intervention;

5. First Amended Petition in Intervention;

6. The state-court notification of removal;

7. A list of all counsel of record, including addresses, telephone number, and parties represented.

30477945.1

Respectfully submitted,

*[signature: Osborne J. Dykes]*

Osborne J. Dykes, III
State Bar No. 06325500
Federal I.D. No. 1796
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Whittaker Corporation

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    Richard J. Wilson
    State Bar No. 21713200
    Edward C. Lewis
    State Bar No. 00786058
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Facsimile: 713/651-5246

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on May 23, 2003.

*[signature: Richard J. Wilson]*

Richard J. Wilson

30477945.1
2

The Exhibit(s) May Be Viewed in the Office of the Clerk